UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

INNOVASYSTEMS, INC.,              :  HONORABLE JOSEPH E. IRENAS
                                  :  CIVIL ACTION NO. 13-05077
        Plaintiff,                :
                                  :           **OPINION**
    v.                            :
                                  :
PROVERIS SCIENTIFIC CORPORATION,  :
                                  :
        Defendant.                :

**APPEARANCES:**

FOX ROTHSCHILD LLP
By:  Samuel H. Israel, Esq.
Melissa J. Dolin, Esq.
2000 Market Street
Philadelphia, PA 19103
        Counsel for Plaintiff

GREENBERG TRAURIG LLP
By:  Alan J. Brody, Esq.
200 Park Avenue
Florham Park, NJ 07932
        Counsel for Defendant


**IRENAS**, Senior District Judge:

    This unfair trade dispute comes before the Court on Defendant Proveris Scientific Corporation's ("Proveris") motions to withdraw this suit's reference to the Bankruptcy Court (Dkt. No. 1) and file a declaration in support thereof under seal (Dkt. No. 9).  For the reasons given below, the motions are granted.

                                    1

I.

Both parties manfucature laboratory equipment for the niche market of aerosol drug delivery testing, and this suit is the latest episode in their long standing relationship.

In December 2005, Proveris sued Innovasystems, Inc. ("Innvoa") in the District of Massachusetts for infringing United States Patent No. 6,785,400 (the "'400 patent"). On May 11, 2007, the court entered a permanent injunction against Innova, prohibiting it from infringing the '400 patent.[1]

On March 3, 2010, Proveris sought and obtained an order of contempt against Innova for continued infringement in violation of the injunction. On the Friday before the sanctions trial was to begin, September 2, 2011, Innova filed a chapter 11 petition. Proveris filed an unliquidated claim in the Bankruptcy Court for more than $2,000,000 in anticipated sanctions.

Effective February 28, 2012, Proveris obtained relief from the Bankruptcy Court's automatic stay to determine Innova's sanctions. Following a trial, the Massachusetts court held on September 25, 2012 that Innova willfully infringed the '400

---

[1] In its briefing, Innova claims that "[a]fter the Massachusetts District Court struck Innova's expert on patent invalidity, Innova admitted infringement and the case proceeded to trial on damages. The jury awarded no damages and found the infringement was not willful." (Opp. Br. [Dkt. No. 14] at 3.)

2

patent in violation of the injunction and ordered Innova to pay a total sanction of $1,120,281.18.  Both Proveris and Innova appealed the judgment, and their appeals are currently pending.[2]

With its bankruptcy proceedings ongoing, Innova was made aware of reports that Proveris was making false statements about Innova and its principal, John Waters.  To investigate, Innova served Proveris with discovery requests "relating to any contacts between Proveris and any other party discussing Innova, during the period of September 2010 through May 2012."  (See 11-36228 (JHW), Dkt. No. 170.)  Over Proveris's objection, the Bankruptcy Court permitted the discovery and, after the Court entered a Stipulation and Protective Order (11-36228 (JHW), Dkt. No. 291), Proveris provided the requested material.

Based on the documents produced, Innova filed a complaint against Proveris in the Bankruptcy Court on April 18, 2013.  (13-ap-01410 (JHW); Dkt. No. 1.)  In response to a motion to dismiss filed by Proveris, Innova filed an Amended Complaint

---

[2] In addition to litigating its liability under the '400 patent, Innova challenged the validity of the patent itself.  Innova filed an Inter-Parties Reexamination Request with the United States Patent and Trademark Office against the claims at issue on March 18, 2011.  On February 1, 2012, the USPTO issued a Final Action which, Innova claims, "[i]n effect [holds] all of the infringed claims in the '400 Patent [] invalid."  (Am. Compl. ¶ 32.)  Proveris subsequently filed a Notice of Appeal of the USPTO decision and the parties are currently awaiting the USPTO Board of Patent Appeals' decision.  (Id. ¶ 35.)

under seal containing excerpts of the discovered material.  The Amended Complaint alleges that Proveris engaged in a "scheme designed to drive Innova out of business" by contacting Innova customers and prospective customers "and making blatantly false statements designed to convince [them] not to do business with Innova."  (Am. Compl. ¶ 3.)  The Amended Complaint further alleges that as a "result of the smear campaign, Innova [] sustained substantial injury to its reputation and goodwill, has lost sales, and has had several companies refuse to do business with it."  (Id. ¶ 4.)

Innova asserts eight causes of action: (a) unfair competition and false advertising in violation Section 43(a) of the Lanham Act; (b) false advertising and unfair competition in violation of the New Jersey Fair Trade Act (N.J.S.A. § 56:4-1); (c) false advertising and unfair competition in violation of New Jersey common law; (d) libel under New Jersey common law; (e) slander under New Jersey common law; (f) trade libel and disparagement under New Jersey common law; (g) tortious interference with prospective economic advantage under New Jersey common law; and (h) tortious interference with contractual relations under New Jersey common law.  (Am. Compl. ¶¶ 38-120.)  Innova also claim Proveris violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3).  (Id. ¶¶ 121-138.)

Proveris moved to withdraw the reference August 26, 2013, and the Bankruptcy Court stayed the parties' adversary proceeding pending resolution of the motion. (13-ap-01401 (JHW), Dkt. No. 29.) In support of its motion to withdraw, Proveris submitted under seal the Declaration of Alan J. Brody ("Brody Declaration"), which includes Innova's Amended Complaint as an exhibit.

## II.

Withdrawal of an order of reference to the Bankruptcy Court is governed by 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Under the second sentence of § 157(d), a withdrawal of reference is mandatory in cases where "substantial and material consideration" of federal statutes other than the Bankruptcy Code is "necessary" to the resolution of a case or proceeding. In re St. Mary Hosp., 115 B.R. 495, 497 (E.D.Pa. 1990).

If an action does not require substantial and material

5

consideration of non-Code statutes, the reference may still be removed "for cause shown," 28 U.S.C. § 157(d), and "it is up to the movant to show cause why the case should be withdrawn from the bankruptcy court." Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 370 (D.Del. 1989).

With regards to submitting a filing under seal, "the party seeking . . . [the] sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).[3]

### III.

The Court first addresses Proveris's motion to withdraw and then turns to whether or not the Brody Declaration should remain sealed.

### A.

Proveris argues that withdrawal of the reference is appropriate because (1) 28 U.S.C. § 157(d) requires the case to

---

[3] A party seeking to file a document under seal must also comply with Local Civil Rule 5.3, "Protective Orders and Public Access under CM/ECF."

be tried by a District Court; and, in the alternative, (2) "for cause" withdrawal is appropriate.  Innova contests that Proveris has met its burden of showing that withdrawal is warranted and asserts that Proveris is merely seeking a more hospitable forum in which to litigate Innova's claims.

### 1.

Section 157(d) requires withdrawal of the reference of any proceeding that involves "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." City of New York v. Exxon Corp., 932 F.2d 102, 1026 (2d Cir. 1991).  District courts in the Third Circuit narrowly construe § 157(d) to mandate withdrawal only when "the matter involves the 'substantial and material' consideration of federal law outside the Bankruptcy Code rather than the routine application of such law." Wile v. Household Bank, F.S.B. (In re Wile), No. Misc.A. 04-32, 2004 WL 1109528, at *6-7 (E.D. Pa. May 17, 2004).

Innova alleges one federal cause of action outside the Bankruptcy Code, unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, and Proveris has not shown that litigating this claim necessitates that it be done in a district court.  "Claims for unfair competition under the Lanham Act are certainly not new to the Bankruptcy Court,"

7

Safe Founds., Inc. v. Metal Founds. Acquisitions, LLC, No. 12-1177, 2012 WL 6651540, at *4 (W.D.Pa. Dec. 20, 2012), and nothing in the parties' filings indicates that Innova's iteration of the claim is particularly troublesome. See Pl.'s Opp. Br. at 8 ("Proveris merely lists the elements of a Lanham Act claim and states in a conclusory fashion that '[d]etermining these numerous issues will involve an intensive interpretation of federal non-bankruptcy law.'" (quoting Def.'s Br. at 7)). Accordingly, the Court does not find that withdrawal is required under Section 157(d).

## 2.

The Court does find, however, that the reference should be withdrawn "for cause." Although Section 157(d) does not specify what constitutes "cause," courts in the Third Circuit and elsewhere have articulated a number of factors for district courts to consider: whether the proceeding is core or non-core, judicial efficiency, uniformity and economy, and discouraging forum shopping. In re G-I Holdings, Inc., 295 B.R. 211, 216 (D.N.J. 2003).

A proceeding is a core bankruptcy proceeding "if it invokes a subsatntvie right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Torkelsen v. Maggio (In re Guild and

8

Gallery Plus, Inc.), 72 F.3d 1171, 1178 (3d Cir. 1996).  In contrast, "an action that does not depend upon the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction is," at most, "related" to a bankruptcy case and "non-core."  United Orient Bank v. Green, 200 B.R. 296, 298 (S.D.N.Y. 1996).

During oral argument, Innova conceded that the instant suit is a non-core proceeding but asserted, as it does in its briefing, that such a determination must first be made by the Bankruptcy Court.  (Opp. Br. at 8-9.)  Innova relies on the language of 28 U.S.C. § 157(b)(3), and select caselaw interpreting it, to support its contention.  The Court strongly disagrees.

28 U.S.C. § 157(b)(3) states, "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or a proceeding that is otherwise related to a case under Title 11."  Nothing in the statute, however, precludes the district court, from which the entirety of the Bankruptcy Court's docket originates, see 28 U.S.C. § 157(a); see also Standing Order of Rference, No. 12-1 (D.N.J. Sept. 18, 2012), from making the determination itself if the matter was not first presented to the bankruptcy judge.  As held by a district court

9

presented with the same argument Innova presents here, 28 U.S.C. § 157(b)(3) "does not say that the bankruptcy judge must make this determination in the first instance, nor does it preclude the distrct court from taking the first crack."[4] Distefano v. Law Offices of Barbara H. Katsos, P.C., 10-mc-0564, 2011 U.S. Dist. LEXIS 63155, at *8 (S.D.N.Y. June 15, 2011) (granting defendant's motion to withdraw the reference despite the Bankruptcy Court having yet to determine whether the proceeding was core or non-core). Accordingly, the text of the statute alone does not preclude a district court from making the determination itself.

Furthermore, the clear waste of judicial recources that would occur from such an ordinal requirement strongly counsels against Innova's position. The instant suit is illustrative. Here, the Bankruptcy Court has not reviewed Innova's claims.

---

[4] The Court further notes that Congress does not appear to have promulgated 28 U.S.C. § 157(b)(3) to guide the resolution of a motion to withdraw the reference. Rather, Congress sought to help delineate the Bankrtupcy Court's limited authority to "determine [] controvers[ies]" and enter final orders subject only to appellate review. 28 U.S.C. 157(b)(1); see also Executive Benefits Insurance Agency v. Arkinson (In re Bellingham Insurance Agency, Inc.), 702 F.3d 553, 559 (9th Cir. 2012) (describing how the Bankruptcy Amendments and Federal Judgeship Act of 1984 was "clearly inspired" by the Supreme Court's core/non-core distinction in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982))

10

Consequently, Innova advocates requiring the parties to go back before the Bankruptcy Court and brief it on the core/non-core determination, only to have the parties reappear before the district court when Proveris reinstitutes its motion to withdraw.  The Court will not allow, let alone require, such a waste of judicial resources.  <u>In re Damon's Intern., Inc.</u>, No. 09-27920, 2013 WL 3816661, at *1 (W.D.Pa. 2013) ("Defendants' motion and Plaintiffs' response indicate that the Bankruptcy Court was never given an opportunity to determine whether the proceedings in this case constitute core or non-core proceedings.  Based upon concerns for judicial efficiency, this Court shall render a decision on whether a proceeding is core or non-core.")

   Lastly, Innova's reliance on select caselaw holding that the Bankruptcy Court must decide the issue is unpersuasive, as the Third Circuit has yet to take a position on the matter and there is ample and growing support within the Circuit for the contention that a district court can be the first to decide the question.  <u>Calascibetta v. Person Financial Services, Inc. (In re U.S. Mortgage Cop.)</u>, No. 2:11-cv-07222, 2012 WL 1372284 (D.N.J. Apr. 19, 2012); <u>Shalom Torah Centers v. Philadelphia Indemnity Ins. Co.</u>, No. 10-cv-6766(FLW), 2011 WL 1322295 (Mar. 31, 2011) (granting motion to withdraw the reference where both

11

parties agreed that the claims were non-core and rejecting a "two-step approach" requiring the Bankruptcy Court to first decide the core/non-core determination); <u>In re Appleseed's Intermediate Holdings, LLC</u>, 2011 WL 6293251, at *2, n.5 (Dec. 15, 2011) (Irenas, J.) ("[F]or the purposes of judicial efficiency, the court will not require the [parties] to first return to Bankruptcy Court for a core/non-core determination."); <u>Harley Hotels, Inc. v. Rain's Int'l, Ltd.</u>, 57 B.R. 773, 776 (M.D.Pa. Nov. 15, 1985) (finding that concerns of judicial economy dictate that the district court render a decision in the first instance on whether the proceeding was core or non-core). Accordingly, the Court holds that it has the authority to determine that the instant matter is a non-core bankruptcy proceeding.

Two additional factors call strongly for withdrawal. First, withdrawal is necessary to preserve Proveris's right to a jury trial, as bankrtuptcy courts are prohibited from holding jury trials in non-core matters.[5] <u>Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)</u>, 4 F.3d 1095, 1101 (2d Cir. 1993); <u>Beard v. Braunstein</u>, 914 F.2d 434, 443, n.14 (3d Cir. 1990).

---

[5] Proveris has not yet made a jury demand, though it may still do so should it choose to file an answer.

12

Second, judicial resources will be most efficiently allocated by withdrawl, given the expertise and presence of magistrate judges in district court proceedings.  Magistrate judges are well experienced in the discovery issues that arise in non-core proceedings, and litigants and the Court are well served by their involvement.  Given the fact the Bankruptcy Court lacks this recourse, withdrawl is appropriate.

Accordingly, the Court grants Proveris's motion to withdraw the reference.

**B.**

Proveris seeks to seal the Brody Declaration because it "contains excerpts from confidential, proprietary, and commercially sensitive private emails from Proveris to certain of its customers and contacts, and because it discloses the names of these customers and contacts."  (Resp. to Order to Show Cause at 7.)  The excerpts contain allegedly fallacious and disparaging remarks made by Proveris employees about Innova and its principal.  Proveris argues that given the niche market in which it operates, the manufacturing of equipment that tests spray-delivered pharmaceuticals, any indication that Proveris is transacting with a pharmaceutical company may reveal that the pharmaceutical company is testing an undislosed, spray-delivered drug.  (Id. at 9-10.)

13

During oral argument, Proveris proposed to re-file the Brody Declaration publically but with the names of the recipients of the relevant emails, and their employers, redacted. Innova quickly consented to Proveris's proposal. Accordingly, the Court holds that the current version of the Brody Declaration shall remain sealed, but Proveris must file an unsealed, redacted version by Wednesday, October 9, 2013.

## IV.

For the reasons given above, Proveris's motion to withdraw this case's reference to the Bankruptcy Court is granted. Proveris's motion to seal the Brody Declaration is granted, but Proveris is ordered to refile a redacted version by October 9, 2013. An appropriate order accompanies this opinion.

Date: October 7, 2013

                                           /s/ Joseph E. Irenas
                                           JOSEPH E. IRENAS
                                           Senior United States District Judge